Bond Schoeneck & King PLLC
68 South Service Road, Suite 400
Melville, NY 11747
Edward J. LoBello
631-761-0841
*Special Litigation Counsel to Plaintiff Kenneth P.*
*Silverman, Esq., Chapter 7 Trustee of National*
*Events Holdings LLC, et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:

NATIONAL EVENTS HOLDINGS, LLC, et al.,

                        Debtors.
-------------------------------------------------------------X
KENNETH P. SILVERMAN, ESQ., THE CHAPTER 7
TRUSTEE OF THE JOINTLY ADMINISTERED
ESTATES OF NATIONAL EVENTS HOLDINGS,
LLC, et al.,

                        Plaintiff,

        -against-

ELITE CONCIERGE GROUPS INC. AND
ELITE CONCIERGE GROUP L.L.C.

                     Defendants.
-------------------------------------------------------------X

Chapter 7
Case No.: 17-11556 (JLG)
(Jointly Administered)

Master
Adv. Pro. No.: 20-01198 (JLG)

Adv. Pro. No. 19-01233 (JLG)

## NOTICE OF HEARING OF AN ORDER UNDER BANKRUPTCY
## RULE 7055 FOR ENTRY OF A DEFAULT JUDGMENT AGAINST DEFENDANTS

    **PLEASE TAKE NOTICE**, that upon the motion (the "Motion") of Kenneth P. Silverman, the Chapter 7 Trustee of the Jointly Administered Estates of National Events Holding, LLC, et al. ("Plaintiff" or "Trustee"), a telephonic hearing via CourtSolutions will be held on **June 24, 2026** at **10:00 a.m.**, or as soon thereafter as counsel can be heard, a (the "Hearing") before the Honorable James L. Garrity, United States Bankruptcy Judge, for the United States Bankruptcy Court for the Southern District of New York, granting the Trustee's Motion For Entry of a Default Judgment Against Elite Concierge Groups Inc. and Elite

1

Concierge Group L.L.C. ("Defendant"), and granting such other, further and different relief as this Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE**, that objections to the Applications, if any, must be: (i) filed with the Court electronically by registered users of the Court's electronic case filing system and, by all other parties in interest, mailed to the Clerk of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, 10004-1408 with two hard copies delivered directly to the Chambers of the Honorable James L. Garrity, and (ii) served electronically and mailed to: (a) special counsel to the Trustee, Bond, Schoeneck & King, PLLC, 68 South Service Road, Suite 400, Melville, New York 11747, Attn: Edward J. LoBello, Esq. and (b) the Office of the United States Trustee, Alexander Hamilton Custom House, One Bowling Green, Room 534, New York, New York 10004-1408, so as to be filed and received no later than **June 17, 2026** at **4:00 p.m.**

**PLEASE TAKE FURTHER NOTICE**, that, prior to the Hearing, any party wishing to appear at the Hearing is required to register their appearance with CourtSolutions at https://www.court-solutions.com/ by 4:00 p.m. at least two business days before the Hearing. Case participants must check in to confirm their appearance in court no later than 4:00pm, one business days prior to the scheduled hearing date. If you require assistance, please contact the presiding Judge's Chambers or Court Services at (212) 284-4040.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing may be adjourned without further notice other than the announcement of such adjournment in open court, or the filing of a notice of adjournment on the docket.

Dated: Melville, New York
May 29, 2026

BOND, SCHOENECK & KING, PLLC

By:       *s/ Edward J. LoBello*
Edward J. LoBello
68 SOUTH SERVICE ROAD, SUITE 400
MELVILLE, NY 11747
631-761-0841
*Special Litigation Counsel to Plaintiff*
*Kenneth P. Silverman, Esq., Chapter 7*
*Trustee of National Events Holdings LLC,*
*et al.*

Bond Schoeneck & King PLLC
68 South Service Road, Suite 400
Melville, NY 11747
Edward J. LoBello
631-761-0841
*Special Litigation Counsel to Plaintiff Kenneth P.*
*Silverman, Esq., Chapter 7 Trustee of National*
*Events Holdings LLC, et al.*

**Hearing Date: June 24, 2026**
**Time: 10:00 a.m.**

**Objections Due: June 17, 2026**
**Time: 4:00 p.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:

NATIONAL EVENTS HOLDINGS, LLC, et al.,

                       Debtors.
-----------------------------------------------------------X
KENNETH P. SILVERMAN, ESQ., THE CHAPTER 7
TRUSTEE OF THE JOINTLY ADMINISTERED
ESTATES OF NATIONAL EVENTS HOLDINGS,
LLC, et al.,

                       Plaintiff,

       -against-

ELITE CONCIERGE GROUPS INC. AND
ELITE CONCIERGE GROUP L.L.C.

                    Defendants.
-----------------------------------------------------------X

Chapter 7
Case No.: 17-11556 (JLG)
(Jointly Administered)

Master
Adv. Pro. No.: 20-01198 (JLG)

Adv. Pro. No. 19-01233 (JLG)

## MOTION FOR AN ORDER UNDER BANKRUPTCY
## RULE 7055 FOR ENTRY OF A DEFAULT JUDGMENT AGAINST DEFENDANTS

Kenneth P. Silverman, the Chapter 7 Trustee of the Jointly Administered Estates of

National Events Holdings, LLC, *et al.* ("Plaintiff" or "Trustee") seeking the entry of an order for

default judgment against defendant Elite Concierge Groups Inc. and Elite Concierge Group

L.L.C. ("Defendants") pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 55, made

applicable by Federal Rule of Bankruptcy Procedure ("FRBP") Rule 7055, respectfully sets

forth and represents as follows:

4

1. On June 5, 2017, National Events Holdings, LLC, National Events Intermediate, LLC, National Event Company II, LLC, National Event Company III, LLC, and World Events Group II, LLC (the "LLC Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. On June 28, 2017, National Events of America, Inc. and New World Events Group, Inc. (the "Corporate Debtors" and collectively with the LLC Debtors, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Court.

3. By Order dated June 13, 2017, the Court entered an Order for the joint administration of the LLC Debtors' estates.

4. Thereafter, by Order of the Court dated August 7, 2017, the LLC Debtors' chapter 11 cases were converted to chapter 7 liquidation proceedings and by Notice of Appointment that same date, Kenneth P. Silverman, Esq. was appointed the Interim Trustee in the LLC Debtors' cases and has since become the permanent trustee.

5. On February 11, 2019, the Court entered the Joint Administration Order for the Debtors' cases and thereafter, the Office of the United States Trustee appointed Kenneth P. Silverman, Esq., as the chapter 7 trustee of the Debtors' jointly administered estates of the LLC Debtors and the Corporate Debtors.

6. On June 3, 2019, the Trustee commenced this adversary proceeding against Elite Concierge Groups Inc. and Elite Concierge Group L.L.C. (the "Proceeding") by filing a complaint.

7. On June 5, 2019, a Summons and Notice of Pretrial Conference was issued by the Court.

8. On or about June 12, 2019, the Trustee served by first class mail a copy of the Summons and Complaint to all addresses associated with Defendant. A copy of the certificate of service evidencing service on the Defendant ("Certificate of Service") is attached as **Exhibit 1**.

9. As set forth in the Summons, Defendant was required to submit a motion or an answer to the Complaint within 30 days after the date of issuance of the Summons (or as indicated on the Court docket for the Adversary Proceeding, July 8, 2019).

10. On July 20, 2020, the Master Proceeding was established under Adversary Proceeding Number 20-01198 (JLG) (the "Master Proceeding") by the Order Establishing Consolidated Master Proceeding and Case Management Procedures on Certain Issues of Law and Fact Common to Pending Avoidance Proceedings (the "Order").

11. The Order directed that the Proceeding be included in the Master Proceeding.

12. The Order further directed any defendant in the Master Proceeding who has not filed an answer to the complaint filed in the respective adversary proceeding, not filed a proof of claim against any of the Debtors, and does not consent to the entry of final orders or judgment by the Court to file a statement in the Master Proceeding pursuant to FRBP Rule 7012 within fourteen (14) days of the date of the Order.

13. Defendant failed to submit any such statement to the Court.

14. Pursuant to the Order, on September 4, 2020, the Trustee filed the Trustee's Initial Statement of Contentions and Facts Concerning the Threshold Commons Issues (the "Trustee's Statement").

15. The Order further provided that no later than twenty-one (21) days after the filing of the Trustee's Statement, any defendant who has not filed an answer or pre-answer motion in

their respective adversary proceeding shall file an answer to the complaint or a pre-answer motion.

16. Defendant failed to file an answer or pre-answer motion.

17. As a result of Debtor's failure to answer, on September 11, 2019, the Trustee filed a request for clerk's entry of default (the "Request for Clerk's Entry of Default") against Defendants.

18. On September 11, 2019, the Clerk entered a default against Defendants. A copy of the Clerk's Entry of Default entered against each Defendant is annexed hereto as **Exhibit 2**.

19. Defendant's time to answer, move, or otherwise respond to the Complaint has expired and Defendant has not appeared, answered, or otherwise moved with respect to the Complaint. Similarly, Defendant neither sought an additional extension of time to answer the Complaint nor has such extension been granted by Plaintiff.

20. Accordingly, Trustee is entitled to the entry of default judgment against Defendant and respectfully requests that the Court enter an order granting the motion for default. A copy of the proposed order is attached as **Exhibit 3**.

## BASIS FOR RELIEF

21. A court may enter default judgment against a party when that party has failed to plead or otherwise defend the matter. That principle is governed by FRCP Rule 55, made applicable here by FRBP Rule 7055.

22. Rule 55 states, in pertinent part:

    a. *Entering a Default.* When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

    b. *Entering a Default Judgment.*

        i. *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk on the plaintiff's request, with an affidavit showing the amount due must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

        ii. *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals-preserving any federal statutory right to a jury trial-when, to enter or effectuate judgment, it needs to:

            1. conduct an accounting;

            2. determine the amount of damages;

            3. establish the truth of any allegation by evidence; or

            4. investigate any other matter.

23. A default occurs if the defendant does not respond to the complaint within thirty (30) days after the issuance of the summons. *See* FRBP Rule 7012(a). *See also In re Macias*, 324 B.R. 181 (Bankr. E.D.N.Y. 2004).

24. In determining whether default judgment is appropriate, "the court must accept as true all of the factual allegations of the complaint, except those relating to damages." *Id.* at 186, *citing, Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

25. The purpose of the default procedure is to maintain the efficacy and order of the judicial process. "When a defendant in an adversary proceeding defaults the Court may, upon proper motion, take each of the plaintiff's allegations as true and grant default judgment." *See Toothman v. Miller*, 145 B.R. 845, 846 (Bankr. E.D. Va. 1991).

26. Entry of default judgment is warranted in this case because despite being served with the Summons and Complaint, in accordance with FRBP Rule 7004(b)(1), Defendant failed to file an answer or other responsive pleading to the Complaint.

27. Additionally, the Defendants failed to file an answer or other responsive pleading once they were served with the Clerk's Entry of Default on September 13, 2019.

28. Defendants are not infants, incompetent or presently in the military service of the United States.

29. Plaintiff has sufficiently alleged his entitlement to judgment on claims for relief set forth in the Complaint, (a) his first claim for relief in the amount of $118,120.00.

30. No previous application for the relief requested has been made to this or any other Court.

31. A copy of the proposed judgment is attached hereto as **Exhibit 4**.

**WHEREFORE,** the Trustee respectfully requests that this Court grant the Motion in its

entirety and provide for such other relief as this Court deems just and proper.

Dated: Melville, New York
     May 29, 2026

                                                       BOND, SCHOENECK & KING, PLLC


By:               *s/ Edward J. LoBello*
                          Edward J. LoBello
                          68 SOUTH SERVICE ROAD, SUITE 400
                          MELVILLE, NY 11747
                          631-761-0841
                          *Special Litigation Counsel to Plaintiff*
                          *Kenneth P. Silverman, Esq., Chapter 7*
                          *Trustee of National Events Holdings LLC,*
                          *et al.*